Case 3:13-cv-04420-BH   Document 38   Filed 04/06/16   Page 1 of 10   PageID 791

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBY LEE JOHNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-4420-BH |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

By order of transfer filed January 23, 2014 (doc. 20), this matter was transferred for the conduct of all further proceedings and the entry of judgment. Before the Court for determination is *Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act and Memorandum in Support Thereof*, filed June 23, 2015 (doc. 34). Based on the relevant findings, evidence, and applicable law, the application is **GRANTED**, and the plaintiff is awarded $11,918.52 in attorney's fees.

### I. BACKGROUND

On November 4, 2013, Ruby Lee Johns (Plaintiff) filed a complaint seeking judicial review of a final decision by the Acting Commissioner of Social Security (Commissioner) that denied her claim for supplemental security income (SSI) under Title XVI of the Social Security Act. (doc. 1.) On March 30, 2015, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (doc. 31 at 35.) Plaintiff subsequently moved for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (doc. 34.) The Commissioner does not object to the hourly rate but objects to the number of hours claimed. (doc. 36.) The application is now ripe for determination.

## II. ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party";[1] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[2] It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards. *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). The claimant has the burden of

---

[1] To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D. Tex. Apr. 29, 2013).

[2] The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000) (Fitzwater, C.J.). "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, the court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

Here, as the prevailing party, Plaintiff has requested a total of $11,918.52 in attorney's fees based on 57.4 hours of attorney work for litigating this appeal in federal court and 6.5 hours of attorney work for defending his EAJA application.[3] (docs. 34, 37.) Counsel has submitted itemized billing statements detailing the time that was devoted to the case. (docs. 34-1 at 1-5; 37-1 at 1.) The Commissioner does not dispute Plaintiff's entitlement to attorney's fees or the hourly rates requested,[4] but objects to the number of hours. (doc. 36 at 1-7.) She also contends that the attorney's fee should be made payable directly to Plaintiff, not her counsel. (doc. 36 at 5.)

A.     **Attorney Hours**

Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Here, Plaintiff has submitted detailed time entries from September 29, 2013 through June 5, 2015. (doc. 34-1 at 1-5.) Plaintiff's billing statements reflect, after a voluntary reduction of more than 15% "in the exercise of his billing judgment," 2.8 hours at a rate of $184.67 (work done in 2013), 51.8 hours at

---

[3] Under the EAJA, fees incurred in litigating a fee application are compensable. *Sandoval*, 86 F. Supp. 2d at 616 (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170–71 (5th Cir. 1990) (awarding plaintiff 28.25 hours for attorney services rendered litigating his EAJA claim); *see also Yearout v. Astrue*, No. 3:10-CV-0430-L-BH, 2011 WL 2988421, at *1 n.1 (N.D. Tex. Mar. 15, 2011), *adopted by* 2011 WL 2990368 (N.D. Tex. July 22, 2011) (awarding plaintiff 3.5 hours of attorney work for defending the fee application against Commissioner's objections); *Dounley v. Astrue*, No. 3-08-CV-1388-O-BH, 2010 WL 637797, at *3 n.1 (N.D. Tex. Feb. 23, 2010) (awarding plaintiff 5.5 hours of attorney work for defending the fee application against Commissioner's objections).

[4] Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). However, a court may calculate fees using a higher rate based on an increase in the cost of living or other "special factor." *Id*. Here, Plaintiff argues, and the Commissioner does not dispute, that a billing rate of $184.67 per hour for attorney services performed in 2013, $186.72 per hour for attorney services performed in 2014, and $185.95 for attorney services performed in 2015, are appropriate based on a cost-of-living adjustment. (doc. 34 at 2-3.)

3

a rate of $186.72 (work done in 2014), and 2.8 hours at a rate of $185.95 (work done in 2015).

The Commissioner claims that 57.4 hours for litigating Plaintiff's case in federal court is unreasonable and requests a reduction to 40 hours.[5] (doc. 36 at 5-6.)  Although the Commissioner's response initially appears to object only on two grounds  (i.e., 51.1 hours to draft the initial brief and reply brief is "excessive" and the EAJA application's "overall magnitude"), it actually makes four specific objections to which Plaintiff has replied.  The four objections relate to Plaintiff's counsel's experience, time spent on unsuccessful arguments in the fee application, arguments not raised before the ALJ, and the "typical" amount of time recovered in attorney's fees applications.

### 1.     *Counsel's experience*

The Commissioner first objects to the total hours requested because "Plaintiff's counsel's considerable experience in handling Social Security disability cases for many years should obviate the need to expend an inordinate amount of time preparing very common arguments in plaintiffs' briefs in Social Security disability appeal cases." (doc. 36 at 3.)  The Commissioner further argues that "[t]he government is entitled to expect some additional efficiency from experienced or able counsel." *Id*. (citing *Grendel's Den v. Larkin*, 749 F.2d 945, 953-54 (1st Cir. 1984)).[6]

The Commissioner does not identify any specific billing entry to which she objects or that she contends should have taken less time, however.  She generally concludes that the time above forty hours was "inordinate," given the "considerable experience" of Plaintiff's attorney. (doc. 36 at 3.)  Plaintiff's counsel provided detailed contemporaneous time records, which included a net voluntary reduction of more than 15% in exercise of billing judgment. (*See* doc. 34-1.); *see, cf.*

---

[5] Following the Commissioner's objection, Plaintiff increased his request by an additional 6.5 hours to defend the application.

[6] The Commissioner provided no binding authority to support this position.

4

*Grendel's Den*, 749 F.2d at 952 ("the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance."). Because Plaintiff's counsel provided detailed billing records that identified how he spent his time on this case and the Commissioner has not identified any time entries that she specifically disputes, her objection is overruled.

### 2. *Unsuccessful arguments*

Next, the Commissioner argues that the attorney's fees should be reduced because "the District Court only found for Plaintiff in one of the four arguments raised by Plaintiff's counsel." (doc. 36 at 3.)

Although neither the Fifth Circuit nor the Northern District of Texas appear to have addressed this issue, other federal courts have "previously rejected the suggestion that counsel should be compensated only for a single argument that succeeds in winning remand" in a social security case. *Swager v. Astrue*, No. 09-05050-CV-SW-DGK, 2011 WL 2634229, at *2 (W.D. Mo. July 5, 2011) (citing *Glenn v. Astrue*, No. 10-06038-CV-SJ-DGK-SSA, 2011 WL 2135454, at *2 (W.D. Mo. May 31, 2011)); *accord Eastman v. Astrue*, No. 3:11-CV-00701-PK, 2013 WL 1130784, at *4 (D. Or. Jan. 25, 2013) ("The government's premise that EAJA fees can only be awarded for attorney hours spent pursuing winning arguments is flawed."). "It is not the role of the court to look back and, with the advantage of hindsight, criticize counsel for being overly zealous in bringing facts and legal issues to the attention of the court." *Carlson v. Astrue*, 500 F. Supp. 2d 1174, 1179 (S.D. Iowa 2007). "Generally, 'a fee award presumptively encompasses all aspects of the civil action' in the absence of 'unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion.' " *Rodgers v. Astrue*, No. 09-1214

5

(DWF/SER), 2011 WL 721528, at *3 (D. Minn. Feb. 3, 2011), *adopted by* 2011 WL 721245 (D. Minn. Feb. 22, 2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)). Like other fee-shifting statutes, the EAJA favors treating a case as an inclusive whole, rather than as atomized line-items. *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990). Under the EAJA, once the criteria is satisfied, the EAJA mandates payment of fees. "EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate." *Rice v. Astrue*, 609 F.3d 831, 835 (5th Cir. 2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 769 (2002)).

Here, the Commissioner has conceded that Plaintiff is a prevailing party and entitled to attorney's fees under the EAJA. (See doc. 36 at 1, 5-6.) She prevailed on her third issue and the case was remanded without consideration of the fourth issue. (*Id.* at 18-35.) Plaintiff's counsel provided detailed billing records that identified how he spent his time on this case, and the Commissioner has not identified any time entries that she specifically disputes. Her objection is overruled.

### *3.   Arguments not raised before the ALJ*

The Commissioner further argues for a reduction because "Plaintiff's counsel raised some issues for the first time before the District Court, . . . [and] cited no legal authority for the argument that the ALJ erred by having Plaintiff testify about her average days and not just about her bad days. . . . Clearly, Plaintiff should not be compensated for work preparing these arguments." (doc. 36 at 3.) Plaintiff counters that disability proceedings are "[p]erhaps the best example" of an agency that is based on a "nonadversar[ial] truth-seeking process, rather than the adversarial model governing normal litigation." (doc. 37 at 7) (citing *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000)).

Traditionally, federal courts have imposed an issue-exhaustion requirement in the absence

6

of a statute or regulation. *Sims v. Apfel*, 520 U.S. 103, 108 (2000). "[C]ourts require administrative issue exhaustion 'as a general rule' because it is usually 'appropriate under [an agency's] practice' for 'contestants in an adversary proceeding' before it to develop fully all issues there." *Id.* at 109 (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 36-37 (1952)). The Supreme Court has noted, however, that "the desirability of a court imposing a requirement of issue exhaustion depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding." *Id.* at 110. Social security proceedings, however, are "inquisitorial rather than adversarial" in nature. *Id.* at 110; *see* 20 CFR § 404.900(b)(1999).

"The Fifth Circuit . . . imposes a duty on an ALJ 'to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'" *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). Courts in this district have reversed and remanded cases even though the claimant "did not mention depression or anxiety during her hearing testimony" and she responded in the negative "[w]hen asked at the conclusion of her testimony whether she had any other problems that had not been discussed." *See, e.g., Williams v. Astrue*, No. 3:09-CV-0103-D, 2010 WL 517590, at *6 (N.D. Tex. Feb. 11, 2010).

Here, Plaintiff raised issues on appeal that were not raised before the ALJ. Because of the non-adversarial nature of social security proceedings, however, it was proper for Plaintiff to raise the issues on appeal. The Commissioner's objection is accordingly overruled.

### *4.    40 hours is the typical reimbursement amount*

Finally, the Commissioner objects to the recovery of more than 40 hours of attorney's fees because that is the "typical" amount recovered and "[t]he instant case did not involve particularly complex facts or novel legal issues. . . . [therefore] an award of attorney['s] fees for 40 hours would

7

be reasonable here." (doc. 36 at 3-4.) However, determination of attorney's fees under the EAJA is based on reasonableness, not necessarily what is considered typical. *See* 28 U.S.C. § 2412.

Here, Plaintiff has identified reasons for the amount of attorney time spent on this appeal: the length of the record, which was 25% longer than typical; the length of the Commissioner's responsive brief, which "made it necessary to research and write a detailed reply brief"; Plaintiff advanced four arguments on appeal; the ALJ failed to evaluate Plaintiff's diagnosis of hypertensive retinopathy associated with blurred vision near and far, which required additional research to understand the ailment; and one of Plaintiff's arguments was novel. (doc. 36-37.) Because Plaintiff has identified reasonable reasons for the number of attorney hours in this case, the Commissioner's objection is overruled.

**B.      Receipt of Payment**

The Commissioner argues, and Plaintiff does not appear to disagree, that the fee award be made payable to Plaintiff and not his counsel. (doc. 36 at 5.)

The Supreme Court has held that a fee award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Adhering to *Ratliff's* express holding, courts in the Fifth Circuit have declined to allow for payment to be made directly to counsel, even in cases where the fee award is not subject to any offset by the government. *See, e.g., Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *6 (N.D. Tex. Apr. 28, 2013) ("[C]onclud[ing] that the [most] prudent course [was] to follow the express holding of *Ratliff* and require that EAJA fees be made payable to [the] Plaintiff and not his counsel"; acknowledging "the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to

8

pay a debt [owed] to the government"); *Yeorout*, 2011 WL 2988421, at *3 n.2, (same); *see also Jackson v. Astrue*, 705 F.3d 527, 531 & n.11 (5th Cir. 2013) (noting that in contrast to fees awarded under § 406(b) of the Social Security Act, "EAJA fees are paid to the claimant, who may or may not tender the award to counsel"; and that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant [may] owe[ ] to the federal government) (citing *Ratliff*, 130 S.Ct. at 2524). Accordingly, the award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

### III. CONCLUSION

Plaintiff's motion is **GRANTED**, and Plaintiff is awarded of $11,918.52 in attorney's fees as follows:

(1) 2.8 hours of attorney work for litigating Plaintiff's appeal in 2013 at an hourly rate of $184.67 ($517.98);

(2) 51.8 hours of attorney work for litigating Plaintiff's appeal in 2014 at an hourly rate of $186.72 ($9,672.10);

(3) 2.8 hours of attorney work for litigating Plaintiff's appeal in 2015 at an hour rate of $185.95 ($520.66); and

(4) 6.5 hours of attorney work for defending Plaintiff's EAJA attorney's fees application in 2015 at an hourly rate of $185.95 ($1,208.68).

The award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

**SO ORDERED** this 6th day of April, 2016.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE